IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROLAND KEHANO, SR. #A0134841, | CIV. NO. 20-00013 SOM-KJM |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND |
| vs. | DISMISSING COMPLAINT |
| SCOTT HARRINGTON, HALAWA CORRECTIONAL FACILITY, MEDICAL UNIT NURSES, | |
| Defendants. | |

## **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Before the Court is pro se Plaintiff Roland Kehano, Sr.'s ("Kehano[s']"), prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983, and Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1, 6.[1] Kehano alleges that Defendants Halawa Correctional Facility ("HCF") Warden Scott Harrington and HCF Nurses Lio, Cristina, and Mike (collectively, "Defendants"), denied him adequate medical care.

For the following reasons, Kehano's IFP Application is DENIED and his Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Kehano is granted leave to amend his claims on or before March 11, 2020, if he **concurrently** submits the remainder of the civil filing fee.

---

[1] For clarity, the court refers to the Federal Judiciary Case Management/Electronic Case Filing ("CM/ECF") numbering and pagination system for filed documents.

In the alternative, in light of the court's discussion of Kehano's claims below, Kehano may notify the court in writing on or before March 11, 2020, that he elects to voluntarily dismiss this action. In that event, the Clerk of Court will refund the partial filing fee that he has submitted.

## I. BACKGROUND[2]

Kehano says that he was prescribed twice-daily injections of Lovenox[3] to prevent blood clots at the Pali Momi Medical Center ("Pali Momi"), in September or October 2019. He explains that Lovenox is meant to be injected into body fat, and he was therefore injected in alternating sides of his navel when he returned to HCF. After several weeks, he says that he developed lumps and bruising on his abdomen, causing him pain.

On December 22, 2019, Kehano told HCF Nurse Cristina that he believed that his injections were being administered incorrectly, causing him bruising and pain. He also says that he was constipated and had difficulty urinating that day, but it is unclear whether he informed Nurse Cristina about this.

The HCF Medical Unit received Kehano's undated "Medical

---

[2] When screening, the court accepts Kehano's factual allegations as true and construes them in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3] The court refers to this drug as labeled by the manufacturer, rather than as spelled in the Complaint. *See* https://www.webmd.com/drugs/2/drug-1837/lovenox-subcutaneous.

2

Request" on December 23, 2019, in which he first reported pain at his injections sites.[4] *See* Compl., ECF No. 1 at 3. The Medical Unit scheduled Kehano for "sick call." *Id.* That morning, Kehano was constipated and unable to urinate again and he lost consciousness before he was seen at sick call. Kehano fell from his wheelchair, hit his head on the floor, and injured his leg. Kehano's cell mate called for help, and Kehano was taken to The Queen's Medical Center ("QMC") emergency unit within the hour.

At QMC, Kehano was diagnosed with a "blood clot in his head and [he] was bleeding inside." *Id.* at 4. His catheter was replaced with a larger one and he required fifteen staples for his leg injury. Kehano was released from QMC on January 2, 2020.

On January 4, 2020, HCF Nurses Lio and Mike noticed that Kehano's leg appeared infected during his "wound treatment." *Id.* Nurse Lio notified a doctor, who prescribed Kehano an antibiotic to be taken four times a day.[5] Kehano alleges the "2nd Watch Over-Looked" this infection. *Id.*

On January 5, 2020, Kehano commenced this action, alleging that Defendants acted with deliberate indifference to his serious

---

[4] Kehano says it normally takes three days to process these requests, suggesting that he submitted it on December 20, 2019. *See* Compl., ECF No. 1 at 3.

[5] Kehano states, "Nurse Lio. Ordered from a Doctor Ceflex 4 X's a day." Compl., ECF No. 1 at 4. The court understands that Kehano was prescribed Keflex, an antibiotic used to treat bacterial infections, four times per day. *See* https://www.webmd.com/drugs/2/drug-6859/keflex.

3

medical needs, thereby subjecting him to cruel and unusual punishment. He seeks monetary damages.

## II. **PAYMENT**

Kehano's IFP Application is incomplete and can be denied on that basis alone. *See* 28 U.S.C. § 1915(a)(2). More importantly, Kehano has accrued three strikes under 28 U.S.C. § 1915(g),[6] has been repeatedly notified of these strikes, and may not proceed in federal court without concurrent payment of the filing fee unless his pleadings show that he was in imminent danger of serious physical injury when he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007); *see also Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005) (allowing a court to consider court records to determine previous dismissals and requiring notice to the prisoner of these dismissals before denying IFP under § 1915(g)).

The court, having carefully reviewed the Complaint, finds nothing within it suggesting that Kehano was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that

---

[6] *See, e.g.*, *Kehano v. Espinda*, No. 1:12-cv-00529 (D. Haw. Oct. 24, 2012) (dismissing for failure to state a claim and notifying Kehano that this case, if affirmed, would constitute a strike, and listing his previous two strikes in Arizona); *Kehano v. Pioneer Mill Co.*, 1:12-cv-00448 (D. Haw. Dec. 6, 2012) (dismissing for failure to state a claim); *Kehano v. State*, No. 2:04-cv-00935 (D. Ariz. Oct. 25, 2005) (dismissing for failure to state a claim); *Kehano v. State*, No. 2:05-cv-02475 (D. Ariz. Sept. 8, 2005) (dismissing for failure to state a claim).

poses an "ongoing danger" to him now. *Cervantes*, 493 F.3d at 1056. Kehano's in forma pauperis application is therefore DENIED pursuant to 28 U.S.C. § 1915(g).

Kehano, however, also submitted $350 towards the $400 civil filing fee for this action. If, after Kehano has an opportunity to review the court's discussion of his claims, he elects to proceed with this action by filing an amended pleading to cure his claims' deficiencies, he must submit the remaining $50 concurrently with that amended pleading. Failure to do so will result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

In the alternative, if Kehano determines that he cannot properly amend these claims to state a federal cause of action, he may **notify the court in writing** on or before March 11, 2020, that he will voluntarily dismiss this action. In that event, the court will direct the Clerk of Court to close the case and **return the $350** that Kehano has paid.

### III. STATUTORY SCREENING

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d

1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged in the complaint support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.* (citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he or she suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in

7

another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.   Eleventh Amendment Immunity**

Kehano names Defendants in their official capacities only, seeking "Retrospective Injunctive Relief" and compensatory and punitive damages. Compl., ECF No. 1 at 5.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Kehano does not allege an ongoing constitutional violation.

That is, he does not allege that he is being denied medical care currently. He seeks unspecified retrospective injunctive relief and monetary damages, and he names Defendants in their official capacities only. Kehano therefore fails to state a claim against official capacity Defendants, and claims against them are DISMISSED.[7]

## B. HCF Warden Harrington

Kehano apparently seeks to hold HCF Warden Harrington liable based solely on his supervisory position as Warden. He alleges no facts personally connecting Warden Harrington to the alleged denial of adequate medical care. Absent personal involvement in a civil rights deprivation, a supervisor can only be found liable if "there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)); *Staunton v. Harrington*, 2020 WL 129088, at *5 (D. Haw. Jan. 10, 2020).

A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew

---

[7] It is unclear whether Kehano meant to allege claims against HCF. To the extent that he does, he fails to state a claim because HCF is a prison and cannot be considered a person within the meaning of § 1983.

9

or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 1216 (9th Cir. 2011) (alterations in original) (internal quotation marks and citations omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

Kehano fails to show that Warden Harrington knew of the allegedly inadequate medical care that Kehano received and failed to intervene, or was involved in the training, supervision, or control of the HCF nurses who allegedly denied Kehano adequate medical care. Nor does Kehano allege that Warden Harrington supported a prison policy that denied him adequate medical care. Kehano fails to state a plausible claim for relief against Warden Harrington, and those claims are DISMISSED with leave granted to amend (provided Kehano pays the additional $50 he owes in filing fees).

**C.   Eighth Amendment:   Deliberate Indifference**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104

10

(1976).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating the standard with that of criminal recklessness).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference."  *Id.*  Consequently, to establish deliberate indifference, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

"[I]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  An accident or diagnostic mistake is not equivalent to the wanton infliction of unnecessary pain.  *Estelle*, 429 U.S. at 105.  Rather, a plaintiff must show that the doctors or nurses embarked on a course of "medically unacceptable" treatment in "conscious disregard of an excessive risk to [his] health."  *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).  Neither negligence, malpractice, nor a difference of opinion between a prisoner patient and a medical provider is sufficient to show a violation of the Eighth

11

Amendment. *Id.; Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to that need was deliberately indifferent. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle*, 429 U.S. at 106.

Kehano's statement of facts does not support a claim for deliberate indifference to his serious medical needs. Kehano was treated at the Pali Momi Medical Center for a blood clot in his leg several months before the incidents at issue here. He raises no complaints regarding Defendants' medical decision to send him to an outside medical provider for treatment. Kehano was prescribed Lovenox at Pali Momi Medical Center, and he admits that the HCF Medical Nurses administered the Lovenox as prescribed by the Pali Momi physicians, twice daily in an area containing subcutaneous fat. He takes issue with the way the injection was administered, but he does not allege that any Defendant purposely intended to cause him pain, or continued with these injections after he brought his pain to their attention. These facts do not support a finding of deliberate indifference.

Kehano was seen by HCF medical staff at least twice a day for three months after leaving Pali Momi to receive his Lovenox injections, but he did not complain of pain at the injection

12

sites until December 22, 2019. And, although he mentioned his abdominal pain to Nurse Cristina, it is unclear whether he also told her about his constipation and inability to urinate, which may have alerted her to a more serious problem, prompted her to check his catheter, consult with a physician, or seek diagnostic tests.

The HCF medical unit received Kehano's Medical Request regarding his pain on December 23, 2019, but that request did not alert them about his constipation and inability to urinate. Before he could be seen at sick call, Kehano lost consciousness and was rushed to the QMC emergency room within an hour. Again, these facts do not show that any Defendant knew of and consciously disregarded an excessive risk to Kehano's health. To the contrary, they show that prison officials responded promptly to Kehano's need for immediate medical care.

Kehano remained at QMC for eleven days, until January 2, 2020, and when he returned to HCF he was provided wound care regularly. Although Kehano complains that the "2nd Watch" overlooked evidence of an infection in his leg on January 3, this was discovered by the next shift on January 4, 2020, and was immediately treated. Compl., ECF No. 1 at 4. While this *may* show inadvertence and possibly support a claim for negligence or medical malpractice, it does not support a claim for deliberate indifference by any Defendant.

Kehano fails to state a colorable claim for relief for the denial of adequate medical care, and these claims are DISMISSED with leave granted to amend.

## V. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before March 11, 2020. The amended pleading must cure the deficiencies discussed in this Order. Kehano may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint, and how they are linked to his claims against the named Defendants.

Kehano must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. An amended pleading must be submitted on the court's prisoner civil rights form and will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Kehano fails to file an amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as another "strike" under 28 U.S.C.

§ 1915(g).[8] If Kehano elects to file an amended pleading, he must submit the remaining $50 for his civil filing fee. Failure to do so SHALL result in dismissal of this action.

IN THE ALTERNATIVE, in light of the discussion above, Kehano may NOTIFY THE COURT IN WRITING on or before March 11, 2020, that he will voluntary dismiss this action. In that event, the court will direct the Clerk of Court to refund the $350 that Kehano has paid and terminate this action.

## VI. CONCLUSION

(1) Kehano's Application to Proceed In Forma Pauperis by a Prisoner is DENIED pursuant to 28 U.S.C. § 1915(g).

(2) The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Kehano's failure to state a colorable claim for relief.

(3) Kehano may file an amended pleading on or before March 11, 2020. Failure to file an amended pleading that cures the deficiencies in his claims may result in dismissal of this action

---

[8] Under 28 U.S.C. § 1915(g), a civil action by a prisoner proceeding in forma pauperis is barred if he or she has had three or more federal actions dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, "unless the prisoner is under imminent danger of serious physical injury."

Kehano has accrued three strikes and has been notified of these strikes several times. *See, e.g.*, *Kehano v. Pioneer Mill Co.*, 1:12-cv-00448 (D. Haw. Dec. 6, 2012); *Kehano v. Espinda*, No. 1:12-cv-00529 (D. Haw. Oct. 24, 2012); *Kehano v. State*, No. 2:04-cv-00935 (D. Ariz. Oct. 25, 2005); *Kehano v. State*, No. 2:05-cv-02475 (D. Ariz. Sept. 8, 2005).

without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).

IF Kehano files an amended pleading he SHALL concurrently submit the remaining $50 for payment of the civil filing fee. Failure to concurrently submit the remainder of the filing fee with any amended pleading will result in immediate dismissal of this action.

(4) In the alternative, Kehano may NOTIFY THE COURT IN WRITING on or before March 11, 2020, that he elects to voluntarily dismiss this action and the Clerk will close the case and return his $350 deposit.

(5) The Clerk is DIRECTED to send Kehano a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

(6) All pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 19, 2020



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Kehano v. Harrington*, No. 1:20-cv-00013 SOM-KJM; scrn'g '20(sts excv forc cl, imp d's, lv amd);