IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROLAND I. KEHANO, SR., #A0134841, | CIV. NO. 20-00013 SOM-KJM |
| Plaintiff, | ORDER DENYING OBJECTION; DISMISSING FIRST AMENDED COMPLAINT; AND TERMINATING ACTION |
| vs. | |
| NURSE CRISTINE, NURSE MIKE, | |
| Defendants. | |

**ORDER DENYING OBJECTION; DISMISSING FIRST AMENDED COMPLAINT; AND TERMINATING ACTION**

Before the court is pro se Plaintiff Roland I. Kehano, Sr.'s Objection to the February 19 Order Denying Application To Proceed In Forma Pauperis and Dismissing Complaint ("February 19 Order") and First Amended Complaint ("FAC") [ECF No. 8]. *See* ECF Nos. 10 and 11.[1]

For the following reasons, Plaintiff's Objection is DENIED, the FAC is DISMISSED, and this action is TERMINATED.

**I. BACKGROUND**

The February 19 Order denied Plaintiff's in forma pauperis ("IFP") application because he has accrued at least three strikes under 28 U.S.C. § 1915(g),[2] and his pleadings failed to show that

---

[1] For clarity, the court refers to the numbering and pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF").

[2] Section 1915(g) bars a civil action by a prisoner from proceeding in forma pauperis:

he was in imminent danger of serious physical injury when he brought this action.[3] *See* February 19 Order, ECF No. 8 at #36-#37. The court also found that Plaintiff's Complaint failed to state a colorable claim for relief, and granted him leave to amend his claims and to submit the full filing fee. *Id.*

Because Plaintiff had already submitted $350 towards the $400 filing fee [ECF No. 5], however, he was notified that he must submit *both* the remainder of the filing fee and an amended pleading that cured the deficiencies in his pleadings if he elected to proceed. *See id.* at 36. In the alternative, the court informed Plaintiff that he could voluntarily dismiss this action in light of the court's decision and the Clerk would return the $350 partial fee that he had paid.

On March 2, 2020, Plaintiff filed the Objection and the FAC. He did not submit the remainder of the filing fee, however. Plaintiff argues that he has not accrued three strikes, and that

---

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3] Plaintiff's IFP application was also incomplete and was subject to dismissal on that basis.

even if he has accrued three strikes, he is in imminent danger of serious physical injury.

## II. DISCUSSION

Plaintiff asserts several arguments in support of his Objection to the February 19 Order's finding that he has accrued three strikes and fails to show imminent danger of serious physical injury. The court addresses these arguments separately.

**A. Cases Relied on to Determine Strikes**

The court has carefully reviewed the cases it relied on to determine that Plaintiff has accrued three strikes and summarizes each case below.

    1. *Kehano v. State, No. 2:04-cv-00935 (D. Ariz. 2005)*

Plaintiff accrued his first strike in *Kehano v. State*, No. 2:04-cv-00935, when the United States District Court for the District of Arizona dismissed the action with prejudice for Plaintiff's failure to state a claim or file an amended pleading that cured his pleading deficiencies. *See id.*, Orders, ECF Nos. 9, 11;[4] *see also Harris v. Mangum,* 863 F.3d 1133, 1142-43 (9th Cir. 2017) (holding a failure to amend or comply with a court order constitutes a strike).

    2. *Kehano v. State, No. 2:05-cv-02475 (D. Ariz. 2005)*

Plaintiff accrued his second strike in *Kehano v. State*, No. 2:05-cv-02475, when the Arizona District Court dismissed the

---

[4] This decision was affirmed on appeal. *See* App. No. 05-17237 (9th Cir. Oct. 17, 2006).

3

action with prejudice as frivolous because its claims duplicated those raised and dismissed in No. 2:04-cv-00935. *See* No. 2:05-cv-02475, ECF No. 13.[5]

### 3. *Kehano v. Espinda*, No. 1:12-cv-00529 (D. Haw. 2012)

Plaintiff accrued a third strike in *Kehano v. Espinda*, No. 1:12-cv-00529, when the court dismissed the action with prejudice for Plaintiff's failure to state a claim. ECF No. 8. The court explicitly warned Plaintiff that if he failed to get this decision reversed on appeal, he would incur a strike under § 1915(g), and notified him of his earlier strikes in Nos. 2:04-cv-00935 and 2:05-cv-02475. *Id.* at #45. Plaintiff did not appeal, and this dismissal represents Plaintiff's third strike under § 1915(g).[6]

**B. Plaintiff's Arguments Regarding Strike Accrual**

Plaintiff first asserts that, regardless of whether an inmate has substantial assets, he may still qualify for IFP status if those assets are needed for other, urgent purposes, such as medical expenses. *See* Objection, ECF No. 10 at #72. Apparently, Plaintiff believes that the court denied his IFP application because he had sufficient funds, as evidenced by the

---

[5] This decision was affirmed on appeal. *See* App. No. 05-16908 (9th Cir. 2006) (citing *Cato v. United States*, 70 F.3d 1103-1105 n.2 (9th Cir. 1995) (stating action that "merely repeats pending or previously litigated claims" is frivolous).

[6] The Court also found that Plaintiff accrued a fourth strike in *Kehano v. Pioneer Mill Co.*, 1:12-cv-00448 (D. Haw. Dec. 6, 2012) (dismissing for failure to state a claim).

4

$350 he had paid towards the filing fee. Plaintiff is mistaken. The court did not deny Plaintiff's IFP application based on a perception that he had sufficient funds and was not indigent. Plaintiff's IFP application was incomplete and provided no basis to determine Plaintiff's ability to pay or his indigence. The court denied Plaintiff's IFP application, however, because he had accrued three strikes and his pleadings did not show that he was in imminent danger of serious physical injury when he brought this action. *See* February 19 Order, ECF No. 8 at #39.

Plaintiff next argues that his pleadings are not subject to screening pursuant to the Prison Litigation Reform Act ("PLRA"), because he paid $350 towards the filing fee, and therefore, he asserts that he must be treated as a paying litigant. Objection, ECF No. 10 at #72. Plaintiff is incorrect. Under the PLRA, the court is required to screen *all* prisoner complaints in which a prisoner seeks IFP status or raises claims against a governmental entity, officer, or employee, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. §§ 1915(e)(2); *see also* § 1915A(a) (requiring screening if prisoner alleges claims against governmental actors or agencies). Plaintiff sought IFP status to pay the remainder of his fee *and* he asserts claims against government employees; thus, the court was required to screen his claim.

Plaintiff next argues that cases that are dismissed without prejudice cannot be considered a strike. Objection, ECF No. 10 at #73. Plaintiff is again mistaken. First, the actions relied

on herein to determine Plaintiff's strikes were each dismissed with prejudice. Second, even if these suits had been dismissed without prejudice, they constitute a strike "[b]ecause § 1915(g) of the current PLRA does not distinguish between dismissals with and without prejudice, . . . a dismissal without prejudice may count as a strike." *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008); *see also Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) ("A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." (internal citation omitted)).[7]

Finally, Plaintiff asserts that the dismissal of habeas proceedings or claims that are pending on appeal are not strikes. Objection, ECF No. 10 at #74. While Plaintiff is correct, the cases this court counted as strikes were not habeas petitions or pending on appeal.[8]

---

[7] This issue is currently before the United States Supreme Court. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 428 (2019) ("Does a dismissal without prejudice for failure to state a claim count as a strike under 28 U.S.C. § 1915(g)?"). Until the Court issues a contrary decision, however, such dismissals are counted as strikes within the Ninth Circuit. *O'Neal*, 531 F.3d at 1154.

[8] See *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-47 (9th Cir. 2016) (discussing effect of dismissals of habeas petitions, civil rights actions for failure to exhaust, or appeals simply affirming an action that incurred a strike, unless the appeal is also frivolous, malicious, or fails to state a claim); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (holding a strike is not incurred "until the litigant has exhausted or waived his opportunity to appeal").

Plaintiff fails to rebut this court's finding that he has accrued three strikes under § 1915(g).

## C. Imminent Danger of Serious Physical Injury

Plaintiff also disputes the court's finding that he was not in imminent danger of serious physical injury when he brought this action. *See* 28 U.S.C. § 1915(g); *see also* February 19 Order, ECF No. 8 at #39-40. Plaintiff does not challenge the court's determination that the verified claims in his Complaint do not support such a finding. Rather, Plaintiff alleges that he is in imminent danger of serious physical injury because he (1) suffers from Post-traumatic Stress Disorder from his military service in Vietnam, (2) was unconstitutionally convicted and imprisoned, and (3) is disabled.

While the court sympathizes with Plaintiff's struggles, and honors his military service, these allegations do not support a finding that he is in imminent danger of serious physical injury based on the allegations he sets forth against Nurses Cristine and Mike in the original Complaint or in the FAC regarding the medical care he allegedly received in December 2019 at the Halawa Correctional Facility ("HCF").

Nothing within the FAC, the original Complaint, Plaintiff's letters, Supplement, or Objection supports a finding that he was in imminent danger of serious physical injury based on Defendants' actions or that there is a continuing practice that injured him in the past that poses an "ongoing danger" to him

7

now.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1056 (9th Cir. 2007).  Plaintiff may not proceed IFP in this action.

**D.    The FAC Fails to State A Colorable Claim for Relief**

Finally, the FAC fails to state any colorable claim for relief against Defendants Nurse Cristine and Nurse Mike regarding the alleged denial of medical care that Plaintiff alleges.  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.* (citation omitted).

A colorable claim "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); see also Fed. R. Civ. P. 8(a)(2).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard.  *Id.* at 678-79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In the FAC, Plaintiff waives his claims against HCF Warden Harrington and Nurse Lio, clarifies irrelevant background dates regarding his claims, and then repeatedly directs the court to enumerated statements within the February 19 Order. *See* FAC, ECF No. 11 at #84-#86. The FAC alleges no additional, relevant facts in support of Plaintiff's claims and makes no sense without reference to the deficient original Complaint and the February 19 Order explaining why Plaintiff's claims are insufficient to proceed.

Plaintiff has been given the opportunity to amend his claims and is unable to do so. It is obvious that his claims cannot be saved by amendment. Accordingly, the FAC and this action are dismissed with prejudice. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. CONCLUSION

(1) Plaintiff's Objection is DENIED, and he may not proceed in forma pauperis in this action.

(2) The First Amended Complaint fails to state a claim and is DISMISSED.

(3) Because it is clear that further amendment is futile, this action is DISMISSED with prejudice.

(4) Because it is clear that Plaintiff intended to proceed in forma pauperis and has not paid the full civil filing fee, the Clerk of Court is directed to refund to Plaintiff the $350 that he has paid, enter judgment and terminate this action.

IT IS SO ORDERED.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Kehano v. Harrington, et al.*, No. 20-cv-00013 SOM-KJM; Recon '20;